# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| Nayo Cofer<br><br>    Plaintiff,<br><br>v.<br><br>AllianceOne Receivables Management, Inc. dba AllianceOne<br><br>    Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Nayo Cofer, ("Nayo"), is a natural person who resided in Morrow, Georgia, at all times relevant to this action.

2. Defendant, AllianceOne Receivables Management, Inc. dba AllianceOne, ("AO"), is a Delaware Corporation that maintained offices throughout the United States including Maumee, Ohio, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because Defendant resides in this judicial district.

## **STATEMENT OF FACTS**

5. AO uses a predictive dialer system.

6. Before AO began contacting Nayo, it and Nayo had no prior business relationship and Nayo had never provided express consent to AO to be contacted on her cellular telephone.

7. AO regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of AO's revenue is debt collection.

9. AO is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. As described, *infra*, AO contacted Nayo to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

12. Nayo is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On several occasions, the dates of which will be discovered through discovery, AO willingly and knowingly used an automatic telephone dialing system to call Nayo on her cellular phone multiple times in violation of the TCPA. See *Mais v. Gulf Coast Collection Bureau, Inc.*, 2013 U.S. Dist. LEXIS 65603, *10 (S.D. Fla. 2013); See also *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265 (3rd Cir. 2013).

14. Around March 2014, AO contacted Nayo on Nayo's cellular phone in an attempt to collect a debt.

15. During this communication, Nayo requested AO cease further calls to Nayo.

16. Despite this request, AO continued to call Nayo on Nayo's cellular phone as recently as August 2014.

17. Around June 2014, AO contacted Nayo's mother, ("Mother"), on Mother's home telephone in connection with the collection of the debt.

18. At the time of this communication, AO already had Nayo's location information.

19. During this communication, AO disclosed to Mother that AO owed the debt.

20. Around July 2014, Nayo changed Nayo's cell phone number in an attempt to stop the calls, but AO called Nayo on Nayo's new cell phone number.

21. On numerous occasions, Nayo requested AO cease further calls to Nayo.

22. AO caused Nayo emotional distress.

23. AO attempted to collect a debt from Nayo.

24. AO violated the FDCPA and the TCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT FIVE

### Violations of the Telephone Consumer Protection Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using both an automatic telephone dialing system without Plaintiff's prior express consent.

## JURY DEMAND

35. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

36. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

    c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

d.  For such other legal and/or equitable relief as the Court deems appropriate.

>RESPECTFULLY SUBMITTED,
>
>Hyslip & Taylor, LLC LPA
>
>By:     /s/ Jeffrey S. Hyslip
>One of Plaintiff's Attorneys

Date: October 2, 2014

Jeffrey S. Hyslip, Esq.
1100 W. Cermak Rd., Suite B410
Chicago, IL  60608
Phone: 312-380-6110
Fax: 312-361-3509
Email: jeffrey@lifetimedebtsolutions.com
Ohio Bar # 0079315